### 7295

### JOHNSON v. RODDEY, MAYOR.

MUNICIPAL BONDS.—An election in a city on issue of bonds for the purchase, establishment, maintenance or increase of water works plants and sewerage systems or either submitted as one proposition without opportunity for each voter to vote on the amount proposed for each purpose, is void under sections 2008 and 2010 of Code of 1902.

Petition in the original jurisdiction of this Court by E. H. Johnson, Ira B. Dunlap and T. O. Flowers, as the board of commissioners of public works in the city of Rock Hill, for writ of mandamus against Jno. T. Roddey, as mayor, and J. B. Johnson, J. M. Cherry, J. E. Parker, A. P. Limeberger, J. F. Reid and E. W. Hall, as aldermen of the city of Rock Hill.

*Messrs. Dunlap & Dunlap, Spencer & Spencer,* for petitioners.

*Mr. W. B. Wilson,* contra.

October 5, 1909. The opinion of the Court was delivered by

Mr. Justice Gary. This is an application to the Court, in the exercise of its original jurisdiction, for a writ of mandamus requiring the respondents to deliver to the petitioners certain bonds.

The question of issuing the said bonds was submitted to the qualified electors, at a special election, in the following form:

"Shall the city of Rock Hill issue bonds, in the sum of two hundred and fifty thousand dollars, if so much be necessary; said bonds to bear interest at a rate not exceeding five per cent., and to be due and payable forty years after date, with the privilege reserved to the city of Rock Hill to retire the same, or any part thereof, at any time after twenty years from their date; the proceeds of said bonds to be applied solely for the purchase, establishment, maintenance or increase of waterworks plants and sewerage systems, or either, for the city of Rock Hill?"

The respondents, in their answer to the petition, urge the objection that "the election, and all subsequent actions thereunder, are illegal and void, and that said bonds, issued in pursuance thereof, would be illegal, in that the proposition submitted to the voters did not submit separately the amount of bonds to be issued for waterworks and sewerage purposes."

The respondents also contend that they "are without direction or legal means of deciding what proportion of said bonds shall be issued and turned over to the sewerage commission, for the construction of a sewerage system, or what proportion of said bonds shall be issued and turned over to

your petitioners, the board of commissioners of public works in the city of Rock Hill, for the purpose of acquisition of a waterworks plant."

The petitioners endeavor to meet this last mentioned objection by alleging, in their reply to the respondent's answer, "that the sewerage system and waterworks, being one and the same, it is not necessary to ascertain what portion thereof should be turned over to the sewerage commission, or what portion to petitioners."

It will thus be seen that the vital question in the case is, whether the election was null and void, on the ground that there was a failure to submit, *separately,* to the voters, the question of issuing bonds in aid of the waterworks, and for the installation of the sewerage system.

The petitioners rely upon the proposition that the sewerage system and waterworks are one and the same, and that it is not necessary to ascertain what amount should be turned over to the sewerage commission, or what portion to petitioners.

This proposition depends upon the construction of section 2008 of the Code of Laws, which is as follows:

"All cities and towns shall have full power and authority to construct and operate waterworks and electric light works within the corporate limits of said cities and towns, for the use and benefit of said cities and towns and its citizens, and to purchase, own and operate apparatus for generating either electricity or gas, for the use and benefit of said cities and towns and its citizens, or to contract for the erection of plants either for waterworks or sewerage or lighting purposes, or sewerage, one or both, for the use of said cities and towns, and to supply the citizens thereof; and to meet the costs of the same, the said cities and towns may issue coupon bonds, bearing interest at a rate not to exceed six per centum per annum, etc.: *Provided,* That before any bonds shall be issued, under the provisions of this section, the city or town council of said municipality shall submit

the question of the issue to the qualified registered electors of such cities and towns, at an election to be held by said city or town council, appointed and conducted in accordance with the laws of force governing municipal elections : *And Provided,* That before any election shall be held, under the provisions of this section, a majority of the freeholders of said city or town, as shown by the tax books of said city or town, shall petition said city or town council that the said election be ordered ; and if a majority of electors, voting at said election, vote for said issue of bonds, the said city or town council shall so declare by ordinance, and shall issue said bonds and turn them over to the board of commissioners of public works of said city or town hereinafter established, etc."

The power conferred upon the municipality to contract for the erection of plants, *either* for waterworks, *or* sewerage, *or* lighting purposes, *one or both,* clearly shows it was the intention of the statute that the several plants should be regarded as separate and independent ; and that the qualified electors should have the opportunity of voting separately for the issuance of bonds for the erection of plants, either for waterworks, or sewerage, or lighting purposes, one or both.

The manner in which the question was submitted to the qualified electors deprived them of such right.

If the construction of the statute, for which the petitioners contend, should prevail, it would confer upon them, and not upon the qualified electors, the power to determine the amount that should be expended in the erection of a plant for waterworks, and what amount in the installation of a sewerage system.

The overwhelming majority of the qualified electors may have been in favor of issuing bonds in aid of a sewerage system, but opposed to the issuance of bonds for the erection of a plant for waterworks, yet they may have been willing

to cast an affirmative ballot, in expectation that their cherished scheme would be carried out.

If, therefore, under such circumstances, the petitioners should issue the bonds for the erection of a plant for waterworks, their action would not reflect but would defeat the will of the majority of the qualified electors.

This certainly was not the intention of the statute.

The following authorities (from which quotations were made in the case of *Ross* v. *Lipscombe*, 83 S. C., 136) assign the reason why the questions should be separately submitted to the voters: *Tolson* v. *Police Jury*, 119 La., 215 (reported in 12 Am. & Eng. Ann. Cases, page 847); Note to *Leavenworth* v. *Wilson*, 69 Kan., 74 (reported in 2 Am. & Eng. Ann. Cases, page 367); *Rea* v. *City of Lafayette*, 61 S. E. R. (Ga.), 707; *McMillan* v. *Lee County*, 3 Iowa, 311; *Lewis* v. *Bourbon County*, 12 Kan., 186.

There is no difference in principle between the case under consideration and that of *Ross* v. *Lipscomb*, 83 S. C.. 136.

It is the judgment of this Court that the petition be dismissed, with costs.

MR. JUSTICE WOODS *concurs on same ground as in Ross* v. *Lipscomb*, 83 S. C., 136.

MR. CHIEF JUSTICE JONES. *I concur in the judgment.*

Where the statute confers upon the municipality the power to contract for waterworks and sewerage in an aggregate sum, and to submit the question of bond issue therefor as a single proposition, I do not think the courts have a right to interfere, because in their view such submission is unwise and dangerous. If the municipal action is within the statutory power granted, and no constitutional inhibition appears, courts can not annul.

*McWhirter* v. *Newberry*, 47 S. C., 418, in which bonds for $42,000 for waterworks and electric light were sustained as constitutional, although the precise question here presented was not raised. In *Lumberton* v. *Nuveen & Co.*,

56 S. E. Rep., 491, bonds for $25,000 for waterworks and sewerage. were sustained, although there was but one form of ballot and one ballot box, the Court construing the statute as giving the commissioners discretion. Where the statute expressly, or by necessary implication, requires a separate submission to the voters on the issuance of a specific amount of bonds for each particular corporate purpose, the Court may interfere if the municipal action is not within the powers conferred, as in *Ross* v. *Lipscomb*, 83 S. C., 136.

I am doubtful whether section 2008, construed in connection with section 2010, and the Act of February 27, 1902, allows the city council any discretion to combine a proposition for sewerage with a proposition for waterworks, and in view of the general impolicy of such a proceeding, I solve the doubt against the municipal action, especially since no rights of *bona fide* holders of the bonds are involved, and the irregularity may be cured by another election.

But if the bonds are not invalid the writ of mandamus must be refused, on the ground that it has not been shown that it is the ministerial duty of the respondents to deliver the bond issue in question to petitioners. Under section 2010 the commissioners of public works have no power, with respect to sewerage, which by the Act February 27, 1902, is placed in the control of a sewerage commission, under the general power of the city council.

If the city council has power to proportion the bonds between waterworks and sewerage, the power has not been exercised, and the Court has no means to make the proportionment. Section 2008 does require that the bonds issued thereunder be delivered to the commissioners of public works, but that must be construed as limited to bonds issued for purposes within the jurisdiction of such commission. Hence, petitioners are not entitled to receive such portion of the bonds as may be appropriated to sewerage. *State* v. *Young*, 66 S. C., 121.