7314

## CHASE v. GILBERT.

MUNICIPAL BONDS.—Under the statute authorizing issuance of municipal bonds, waterworks and sewerage are two distinct propositions and must be submitted separately to the voters.

Petition in the original jurisdiction of this Court by John A. Chase against H. K. Gilbert, mayor, and A. A. Cohen *et al.,* constituting the town council of the city of Florence, for injunction.

*Mr. J. P. McNeill,* for petitioner, cites: 83 S. C., 136, and cases therein cited.

*Messrs. Willcox & Willcox* and *Henry E. Davis,* contra, cite: 72 S. C., 532; 47 S. C., 418; 75 S. C., 550.

October 16, 1909. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. This is a proceding in the original jurisdiction of this Court to enjoin the issue of eighty thousand dollars of bonds by the city of Florence, "for the purpose of enlarging the waterworks system of said city and adding thereto a system of sewerage." The validity of the bonds is assailed on the ground that the question of issuing the bonds for the two purposes was submitted to the voters as a single proposition, whereas the question of issuing bonds for the purpose of enlarging the waterworks system, and the amount therefor, and the question of issuing bonds for a system of sewerage, and the amount therefor, should have been submitted to the voters as separate propositions.

The Court has recently considered the question in two similar cases, and has decided that under the statutes authorizing the issuance of municipal bonds waterworks and sewerage are two distinct propositions, and must be

separately submitted to the voters.   *Ross* v. *Lipscomb.* 83
S. C., 136; *Johnson* v. *Roddy, ante,* 462.

For non-compliance with the statute in this respect there
is no legal authority for the issuance of the bonds in
question.

It is ordered that the respondents be, and they are hereby,
perpetually enjoined from issuing said bonds, and that
respondents pay the costs of these proceedings.

MR. JUSTICE GARY *concurs for the reason stated, and for
the additional reason set forth in Ross* v. *Lipscomb, 83
S. C., 136.*