PUBLIC SCHOOLS OF THE CITY OF MUSKEGON *v.* SMITH.

Schools and School Districts—Bonds—Statutes.

> Under Act No. 281, Local Acts 1899, incorporating the schools of Muskegon and conferring on its board of trustees the same powers as are granted to school districts by section 4717, 2 Comp. Laws, as amended by Act No. 12, Pub. Acts 1911 (4 How. Stat. [2d Ed.] § 9932), also conferring power to raise money, purchase sites, erect school buildings and furnish or improve them, respondent, the secretary of the board, should have been compelled by mandamus from the circuit court to sign and issue bonds that had been authorized by the board and voted upon by the electors of the district pursuant to law; and it is *held,* that the charter provisions authorizing the raising of money by taxation for the construction of buildings (§§ 19, 23, 24, 26) are consistent with the power to issue bonds under the general law.

Certiorari to Muskegon; Sullivan, J. Submitted December 6, 1912. (Calendar No. 25,435.) Decided January 3, 1913.

Mandamus by the public schools of the city of Muskegon against Frank H. Smith, secretary of the board of trustees of said schools, to compel respondent to sign and issue bonds authorized by the board. An order denying the writ is reviewed by relator on writ of certiorari. Reversed.

*William Carpenter,* for relator.

*Cross, Vanderwerp, Foote & Ross,* for respondent.

McAlvay, J. The relator is a school district, incorporated under Act No. 281 of the Local Acts of 1899. Its affairs are managed by a board of trustees, from which are elected a president and secretary. The respondent in these proceedings is its secretary. The controversy in this case arose between relator and respondent

on account of the refusal on the part of respondent, on being ordered by the proper authority so to do, to sign certain bonds of said school district, and an order was issued against respondent, on the application of relator, from the circuit court for the county of Muskegon, to show cause why a writ of mandamus should not issue to compel him forthwith to sign and issue said bonds.

The facts are undisputed, as appears from the answer of respondent to said order. Briefly stated such facts are as follows: The board of six trustees of said school district, called in the act under which it was organized 'the Board of Education,' at the regular meeting held December 8, 1911, unanimously adopted the following resolution:

" Resolved, that it is necessary to hold a special election of the qualified electors of the public schools of the city of Muskegon for the purpose of passing on the following questions:

" (1) Shall the board of education be authorized to erect a school building on block four hundred and ninety-three (493) of the city of Muskegon, according to the revised plat thereof, approved April 9, 1903, at an expense of more than fifteen thousand dollars ($15,000.00) ?

" (2) Shall the board of education be authorized to borrow a sum not exceeding thirty thousand dollars ($30,000-.00) for paying the cost of said building, and to issue bonds of the district therefor for a term not exceeding fifteen years, bearing interest at a rate not exceeding five per cent. per annum, that sum being the amount which this board estimates as necessary for that purpose ? "

The date of the election to be held on the 28th day of December, 1911, for the purpose of voting upon such questions, was duly fixed by resolution, and thereafter, upon legal notice, on the date named, at the election then held, the questions submitted were answered in the affirmative by an almost unanimous vote. Afterwards, in the year 1912, plans were adopted by the board of education, and bids were asked for and received, which were all largely in excess of the sum authorized to be borrowed, and none of these bids were accepted. Later new plans

were prepared, and the contract was finally let, August 29, 1912, for the sum of $30,531. The schoolhouse building is now in process of construction. On September 26, 1912, the president and secretary of the board of education were directed to issue the bonds. The secretary declined to sign the bonds or join in issuing them, on the ground that the board of education had no authority to order their issue, as appears from his answer, for the following reasons:

"(1) Upon being authorized by the vote of the electors of the district, the bonds were not issued during the then fiscal year.

"(2) There could have been raised in said district in the year 1911 or 1912, for the purpose of constructing school buildings and purchasing sites therefor, the amount of these bonds ($30,000.00) in excess of what was raised, and still have kept within the limit fixed by section 24 of relator's act of incorporation.

"(3) The relator has no power to vote or issue its bonds for constructing school buildings, except the power given or authorized by its act of incorporation; the general school laws in the matter of voting and issuing bonds for such purposes having no application."

Upon a hearing before the circuit court, the writ of mandamus was denied, and the relator has removed the case to this court by writ of certiorari for review, averring that the action and judgment of the circuit court was erroneous and ought to be reversed.

The sole question involved is the construction of the statute under which relator was incorporated, and whether its provisions are inconsistent with the provisions of the general school laws of this State reserved to relator in such statute, under which it is admitted by relator that action was taken in the submission of the questions relative to building a school building and borrowing the money required by issuing bonds.

The incorporating act provides that the board of education may, by resolution, determine the sums necessary to be raised by taxation for the purpose of purchasing

grounds and the erection, improvement, and furnishing of school buildings, not exceeding, for any one year, one-half of one per cent. on the dollar of the taxable property in the city, as shown by the assessment roll of the preceding year. It authorizes the board to erect school buildings, but requires, if the building is to cost more than $15,000, that the question of the propriety of its erection shall be first submitted to the electors, and authorized by them. Section 26 of this act provides:

"Should any greater sum be required in any one year than can be raised under the provisions of the foregoing sections, such sum, not exceeding one per cent. of the taxable property in the city for the preceding year, may be raised by tax or loan, if authorized by a majority vote of the qualified electors of the school district, voting at any annual or special meeting called by the board for the purpose of voting thereon."

The foregoing are all of the provisions contained in this incorporating act, material to this issue, specially authorizing the raising of money for the purposes of buying school sites and constructing, furnishing, and improving school buildings, and are contained in sections 19, 23, 24, and 26.

In the month of June each year the board of education is required to determine, by resolution,. the amount necessary or proper to be raised by taxation during the next school year for all purposes authorized by the above act, and on or before the first Monday in July in each year "the said board is required to transmit and certify the total amount so estimated to the common council of the city of Muskegon, which amount so reported, the common council shall cause to be raised by tax on all the taxable property in the city."

Section 26, above quoted, refers to all of the funds for all purposes specified in the sections referred to, including the fund for the purposes of purchasing grounds for schoolhouse sites and constructing, furnishing, and improving school buildings.

Section 16 of the act, among other things, provides:

"Said board shall also have all the powers and privileges conferred upon school boards and upon qualified voters of school districts at any annual or special district meeting by the general laws of this State, not inconsistent with this act."

It is contended by relator that under this provision of the incorporating act relator is authorized and empowered to proceed under the provisions of section 4717, 2 Comp. Laws, as amended by Act No. 12 of the Public Acts of 1911 (4 How. Stat. [2d Ed.] § 9932), and that it did so proceed to submit to the qualified electors of the district the questions hereinbefore quoted, and obtained their consent to borrow the required amount for the purposes stated, and to issue bonds of the district therefor. The material portion of such section, as amended, reads as follows:

"Any school district may, by a majority vote of the qualified voters of said district, present at an annual meeting, or a special meeting called for that purpose, borrow money and may issue bonds of the district therefor, to pay for schoolhouse site or sites, and to erect and furnish school buildings. The district board or board of education shall estimate the amount of money necessary to be raised and shall state their estimate in the notices of the annual or special meeting at which the question of borrowing money and issuing bonds shall be submitted to the people; and at said meeting the voters shall have power to ratify by the vote aforesaid the estimate of the district board or board of education, or to fix a new limit on the amount to be borrowed and for which bonds may be issued."

Then provision is made limiting the amount which may be raised and the amount of the bonded indebtedness, and also limiting the period of indebtedness to 15 years.

The contention of the respondent is that the authority of relator to raise money in excess of the amount provided under preceding sections is limited to the provisions of section 26 of the act under construction, and that, it being admitted that the amount of assessable property on which such taxes could have been levied for the year 1911 was

sufficient to have included the amount ($30,000) which relator was authorized to borrow and issue bonds therefor, the whole question to be decided is whether the provisions of section 26 are inconsistent with the authority conferred by the general school laws, reserved to the district by section 16 of the act of incorporation, above quoted.

The circuit court held that they were, as we are informed by the briefs, upon the ground that specific provision was made in sections 24 and 26 relative to the subject matter in issue.

We are constrained to hold that the provisions relied upon by respondent are not inconsistent with the provisions of the general school laws reserved to relator. A careful examination of the act of incorporation shows that in it there is no express provision authorizing the issue of bonds by relator for money borrowed, although section 23 of the act recognized bonded indebtedness existing and falling due by the following provision:

"*Fourth.* For the payment of interest and indebtedness falling due, the fund so provided to be termed the 'bond fund.'"

And provision is also made in section 27 that—

"The board of education may refund or renew obligations of the district on such terms and for such time as it may from time to time deem expedient."

Section 26 provides that amounts required in any one year greater than can be raised under the foregoing sections may be raised by tax or loan, which is the only expression in the statute providing for borrowing money, except in anticipation of taxes levied, from which it cannot be inferred that a bonded indebtedness was contemplated.

It appears in relator's brief, and is not denied, that the construction contended for has been the practical construction given to this statute for many years, and several school buildings have been built where similar action has

been taken, and the validity of bonds issued under such action has never before been questioned.

In our opinion, considering all the terms of this incorporating act relative to the finances of relator, particularly the requirement that a complete estimate must be made in June each year for the following year for any and all purposes, and that early in July such estimate must be certified to the common council, to be spread upon the tax rolls, when at any time after such dates exigencies might arise, or it might appear that the construction and improvement of school buildings not appreciated or known at the time might be absolutely necessary for the welfare of the public schools, or it might not be considered desirable to burden the tax roll of any one year to the entire limit allowed, this act incorporating the relator, containing no provision for the issue of bonds for any purpose, of necessity requires a construction that it was the legislative intent, by the reservation to relator contained in section 16 of "all powers and privileges conferred upon school boards and the individual voters of school district under the general school laws, not inconsistent with the act," to give relator the power to issue bonds, which it claims it has lawfully exercised in the proceedings taken for that purpose. We conclude that the court was in error in holding that the provisions of this act were in this respect inconsistent with the provisions of the general school laws relied upon by relator.

It follows from the construction we give to this act that the further reason given by respondent for his refusal to sign these bonds, because they were not issued within the year 1911, does not require consideration.

The judgment of the circuit court is reversed, and a judgment will be entered in this court ordering a writ of mandamus to issue, according to the prayer of petition. No costs will be allowed to either party.

STEERE, C. J., and MOORE, BROOKE, KUHN. STONE, OSTRANDER, and BIRD, JJ., concurred.