### 8427

### STATE *EX REL*. WATKINS v. BRASINGTON, MAYOR.

MUNICIPAL BONDS—WATERWORKS—ELECTRIC PLANTS.—In a municipal election for issuance of bonds for establishing waterworks and electric lighting plants, it is necessary to submit separately the amount proposed to be issued for each purpose.

Petition in the original jurisdiction of this Court by Henry L. Watkins for injunction against S. F. Brasington, mayor, and others, as aldermen of the city of Camden, and W. J. Dunn and others, as commissioners of public works of said city.

*Mr. B. B. Clarke,* for petitioner.

*Messrs. L. A. Witshowski and W. B. deLoach,* contra.

January 30, 1913. The opinion of the Court was delivered by

MR. JUSTICE WATTS. This is an action in the original jurisdiction of this Court to test the validity of an election

held on the question of issuing coupon bonds, by the city of Camden, in the sum of one hundred thousand dollars for the purpose of establishment and ownership, by the city of Camden, of a waterworks plant and electric light plant for the use and benefit of said city and its citizens, and to enjoin the respondents from signing and disposing of the bonds so voted.

The agreed facts show that a notice, signed by S. F. Brasington, mayor of Camden, was published in the "Wateree Messenger," a newspaper of Camden, South Carolina, from the 6th day of May to the 11th day of June, 1912, and the notice was as follows: "Notice is hereby given that there will be a special election held in the city of Camden, on Tuesday, the 11th day of June, 1912, on the question of issuing coupon bonds of the said city of Camden, S. C., to the amount of one hundred thousand dollars, bearing interest at the rate of five per cent. per annum, payable semiannually, payable in any legal tender money of the United States, forty years after date, with the privilege of redemption after twenty years from date, for the purpose of establishment and ownership by the said city of Camden, of a waterworks plant and an electric light plant for the use and benefit of the said city and its citizens."

Pursuant to said notice an election was held on the 11th day of June. The voters were supplied with ballots, some of them having printed thereon "For Bond Issue," and others having printed thereon "Against Bond Issue." The amount of bonds to be issued was not printed on said ballots, nor was the voter allowed to vote for the amount of bonds to be issued in the establishment and maintenance of waterworks or in the establishment and maintenance of electric light plant, separately.

Thereafter, steps were taken to sell the bonds, the majority of the registered voters of Camden having voted for bond issue, and said bonds are now about to be sold.

The relator by this proceeding, questions the validity of the bonds and election under which they were voted, on the ground that the proposition submitted to the voters did not submit separately the amount of bonds to be issued for waterworks and the amount to be issued for the establishment and maintenance of the electric light plant. This position is challenged and controverted by the respondents, who insist that it is not necessary.

The election was held under section 3015 of the Civil Code of 1912. The same language is in this section as in the act of 1908, section 6, which was construed by this Court, in an able opinion by Mr. Justice (now Chief Justice) Gary, in the case of *Ross* v. *Lipscomb,* 83 S. C. 143, 65 S. E. 451, wherein he uses this language: "The failure to give notice of the amounts respectively of the proposed bonds and the failure to submit the different propositions separately to the voters rendered the election illegal and the bonds invalid."

This was followed by the case of *Johnson* v. *Roddey,* 83 S. C. 463, 65 S. E. 626, wherein the opinion was delivered by the same learned Justice, on page 465 and wherein he uses the following language: "The power conferred upon the municipality to contract for the erection of plants, either for waterworks, *or* sewerage, *or* lighting purposes, *one or both,* clearly shows it was the intention of the statute that the several plants should be regarded as separate and independent; and that the qualified electors should have the opportunity of voting separately for the issuance of bonds for the erection of the plants, either for waterworks, or sewerage, or lighting purposes, one or both."

By these decisions, the question at issue is no longer an open one, but has been decided by this Court adversely to the contention of the respondents, as will be seen by a careful examination of the authorities quoted *supra.*

29—93

Therefore, the failure to submit the different propositions separately to the voters rendered the election illegal and the bonds are invalid.

Wherefore, it is the judgment of this Court that the prayer of the petitioner be granted and that the respondents, and their successors in office, be perpetually enjoined and restrained from signing or in any manner disposing of the said bonds by sale, delivery or otherwise to any one whomsoever.