8932

HERBERT v. GRIFFITH, MAYOR, *ET AL.*

(82 S. E. 986.)

MUNICIPAL CORPORATIONS. ISSUANCE OF BONDS. ELECTIONS. SINKING FUND.

1. The issuance of municipal bonds to enlarge, extend and repair waterworks and sewerage plants, under Civil Code 1912, sec. 3050, is for separable purposes, which must be separately submitted to the voters so as to afford opportunity for expression of their will as to each purpose.

2. MUNICIPAL CORPORATIONS—MUNICIPAL BOND ELECTION—PETITION AND BALLOTS—SEPARATE SUBMISSION OF QUESTIONS.—Under Civil Code 1912, sec. 3050, providing for special elections on the issuance of municipal bonds for "waterworks or sewerage," petitions and ballots for an election on the issuance of bonds for waterworks and sewerage invalidated the election, where they contained no separate statement of the amount to be expended for each.

1—29

3. MUNICIPAL CORPORATIONS—MUNICIPAL BOND ELECTION—TIME POLLS
   REMAIN OPEN.—Civil Code 1912, sec. 3091, providing that the polls
   shall remain open from 8 a. m. until 8 p. m., applies to special elec-
   tions held in the city of Columbia on the question of the issuance of
   municipal bonds.
4. MUNICIPAL CORPORATIONS—LIMITATION ON INDEBTEDNESS—"MAINTE-
   NANCE."—The repair of waterworks is "maintenance" within the con-
   stitutional provision authorizing the issuance of bonds for the main-
   tenance of waterworks plants.
5. A sinking fund of $6,000 per annum is sufficient for the retirement
   of bonds for $500,000, payable in forty years.

Before HON. W. A. HOLMAN, special Judge, Columbia.
May, 1914.   Reversed.

Action by R. B. Herbert, a freeholder and taxpayer of the
city of Columbia, against L. A. Griffith, mayor, and R. C.
Keenan, C. M. Asbill and E. M. DuPre, councilmen of said
city, to enjoin a proposed issue of municipal bonds by said
city.   From a decree refusing such injunction, the plaintiff
appeals.   The facts are stated in the opinion of the Court.

The plaintiff appealed upon the following exceptions and
assign errors therein, to wit:

1. Because his Honor, the Circuit Judge, erred in holding
that there had been a substantial compliance with the laws of
this State in the wording of the petition and of the ballots,
and in overruling thereby the first objection raised by the
appellant as to the validity of the bonds, said objection being
as follows:

"That the petitions requesting the election and the ballots
voted at the election called for an issue of five hundred
thousand dollars in bonds for the purpose of enlarging,
extending and repairing its waterworks, waterworks system
and plant, its sewerage system and plant, without a separate
statement in petition and ballots and separate vote upon the

FOOTNOTE.—See a review on cases as to whether the question submitted
to municipal electors was, or was not, a combination of two or more
separate and distinct propositions, in note in 26 L. R. A. (N. S.) 66ᵇ.

amount to be expended for enlarging and extending, the amount to be expended for repairs, the amount to be expended for waterworks plant and system and the amount to be expended for sewerage system and plant."

2. That his Honor erred in holding that in the city of Columbia elections for the issuance of bonds can be held between the hours of 7 a. m. and 4 p. m., whereas, in fact, the law requires that the polls be open from 8 a. m. to 8 p. m.

3. That his Honor erred in overruling the third objection to the issue of the bonds raisel by this appellant, which was as follows:

"That the amount of this proposed bond issué, together with the now outstanding bonded indebtedness of the city of Columbia, is in excess of 8 per cent. of the taxable value of the city of Columbia, and the Constitution does not permit such excess indebtedness where the proceeds of the proposed issue are to be used in part for 'repairs.' "

The error being, that where the petitions and the ballots used the word "repairs" there is not sufficient compliance with the provision of the Constitution, article VIII, section 7, that certain cities, including Columbia, are allowed to issue bonds in excess of 8 per cent. of the assessed value of the taxable property therein, where "the proceeds of such bonds are applied solely for the purchase, establishment, maintenance or increase of waterworks plants and sewerage system."

4. Because his Honor erred in holding that the sinking fund of six thousand dollars a year, as proposed by the respondents herein, was sufficient to meet the requirements of the Constitution, article VIII, section 7.

*Mr. Arthur Metts, Jr.,* for appellant, cites: *As to necessity for separate submission of each proposition to voters:* 83 S. C. 136; 69 Kan. 74; 2 Am. & Eng. Ann. Cases 367; 83 S. C. 462, 464; 83 S. C. 546; 93 S. C. 447. *Hours of election:* Civil Code, sec. 3091. *Limitation of indebtedness:*

Const., art. VIII, sec. 7. *Sinking fund:* Const., art. VIII, sec. 7.

*Messrs. G. P. Logan,* city attorney, and *Shand, Benet, Shand & McGowan,* distinguish: 83 S. C. 136; 83 S. C. 462; 83 S. C. 546; 93 S. C. 447; 61 S. E. 707; 12 Kan. 186; 119 La. 215; 12 Am. & Eng. Ann Cas. 847; 69 Kan. 74; 2 Am. & Eng. Ann. Cas. 367, *and submit bond issue for waterworks and sewerage is not a dual proposition:* 97 Pac. 817; 151 Cal. 572; 91 Pac. 387; 76 Neb. 552; 107 N. W. 983; 112 Ky. 409; 122 N. Y. 799. *Hours of election:* Civil Code 3015 and 3050; 22 Stats. 83, 88, 453, 507. Civil Code, sec. 3015, *applies only to the institution or original creation of the system;* Civil Code, sec. 3050, *applies to the enlargement of existing plants and systems; both statutes referred to Civil Code, sec. 208, for hours of election, the law existing when they were enacted in 1896 and 1897.* No hours *for elections named in Civil Code:* Secs. 1742, 1826, 2931, 3050. *Different hours in:* Secs. 289, 3015, 2931, 3050. *Sec. 3091 limited to elections specified:* Act of 1910, 26 Stat. 523, Civil Code, art. VIII, ch. 48, reviewed; 44 L. R. A. 152. *Maintenance includes repairs:* Const., art. VIII, sec. 7; 5 Words & Phrases 4281, 4282; 2 Woods Landlord & Tenant, p. 807, sec. 369; 27 Vt. 529; 58 N. H. 252; 56 S. W. 451. *Five thousand two hundred sixty-one dollars and seventy-five cents, as an annual payment for 40 years, compounded annually at 4 per cent. per annum, will create sinking fund of $500,000.00.*

September 22, 1914.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Under the provisions of section 3050 of the Civil Code of 1912, an election was held in the city of Columbia on the question of issuing $500,000.00 of bonds. The ballots—some having the word "yes" and some the word "no" printed

thereon—read as follows: "For the purpose of enlarging, extending and repairing its waterworks, waterworks system and plant, its sewerage system and plant, shall the city of Columbia issue coupon bonds, as provided by law, to the amount of five hundred thousand dollars, or so much thereof as may be legally issued by said city." The result was in favor of issuing the bonds.

The plaintiff seeks to enjoin the issue on four grounds: "1. That the petitions requesting the election and the ballots voted at the election called for an issue of $500,000.00 in bonds for the purpose of enlarging, extending and repairing its waterworks, waterworks system and plant, its sewerage system and plant, without a separate statement in petition and ballots, and a separate vote upon the amount to be expended for enlarging and extending, the amount to be expended for repairs, the amount to be expended for waterworks system and plant, and the amount to be expended for sewerage system and plant. 2. That the polls on the day of the election were opened one hour earlier than permitted by law, and closed four hours sooner, being open from 7 a. m. until 4 p. m., instead of from 8 a. m. to 8 p. m. 3. That the amount of this proposed bond issue, together with the now outstanding bonded indebtedness of the city of Columbia, is in excess of 8 per cent. of the taxable values of the city of Columbia, and the Constitution does not permit such excess of indebtedness where the proceeds of the proposed issue are to be used in part for 'repairs.' 4. That the proposed sinking fund is not sufficient to meet the requirements of the Constitution."

As to the first ground, the respondents allege in their answer that the waterworks plant and sewerage system are one and inseparable, each being necessary to the other; that the same plant furnishes water for domestic and other uses, and for the discharge of sewage, it being impossible to ascertain the amount used for these respective purposes; that it is impossible to ascertain

what proportion of the enlargement of the water plant will be for the purpose of operating sewers, and impossible to enlarge its sewerage system without a corresponding extension of its water supply.

This contention is plausible, but not sound. It appears from the record that the city of Columbia had a water plant forty years before it had a sewerage system. The statute under which these bonds were voted provides for the issuing of bonds "for the purchasing, repairing or improving of city or town hall, or park or grounds therefor, markets and guardhouse, enlarging, extending or establishing electric light plants or other lights, or waterworks or sewerage." It will be seen that the various purposes for which bonds may be issued are stated in the alternative, which indicates that, to the legislative mind, they are susceptible of separate and independent consideration. It must not be inferred from this that each of these alternative purposes must necessarily be submitted separately. Where two or more of them are closely connected with the principal purpose, the reason for a separate submission would be wanting. For instance, there would be no valid objection to the submission of a proposition to vote bonds to purchase, repair and extend an existing water plant, for they all effect one purpose—that of supplying the people with water. But in the case at bar, the purposes are different, and the very mischief may result which the rule requiring the separate submission of such questions was intended to prevent. To illustrate: A citizen who wants water for domestic use and fire protection may have felt impelled to vote for the issue, though, if separated, he would have voted against the sewerage proposition. This very ground upon which respondents seek to distinguish this case from the principles heretofore decided by this Court was considered and decided adversely to their contention in *Johnson* v. *Roddey*, 83 S. C. 462, 65 S. E. 626. In that case the present Chief Justice said: "The petitioners rely upon the proposition that the sewerage system and

waterworks are one and the same, and that it is not necessary to ascertain what amount should be turned over to the sewerage commission, or what portion to petitioners." . Then, after quoting the statute under which the bonds were voted, and showing that it was worded alternatively, as section 3050 had been shown to be, he proceeded: "The power conferred upon the municipality to contract for the erection of plants, *either* for waterworks, *or* sewerage, *or* lighting purposes, *one or both,* clearly shows it was the intention of the statute that the several plants should be regarded as separate and independent; and that the qualified electors should have the opportunity of voting separately for the issuance of bonds for the erection of plants, either for waterworks or sewerage, or lighting purposes, one or both. The manner in which the question was submitted to the qualified electors deprived them of such right. If the construction of the statute, for which the petitioners contend, should prevail, it would confer upon them, and not upon the qualified electors, the power to determine the amount that should be expended in the erection of a plant for waterworks, and what amount in the installation of a sewerage system." That case, and the cases of *Ross* v. *Lipscomb,* 83 S. C. 136, 65 S. E. 451; *Chase* v. *Gilbert,* 83 S. C. 546, 65 S. E. 735, and *State* v. *Brasington,* 93 S. C. 447, 76 S. E. 1086, are conclusive of the question.

Respondents contend further that this case may be distinguished from *Johnson* v. *Roddey,* 83 S. C. 462, 65 S. E. 656, on the ground that, in this case, the fact alleged that the two systems are one and inseparable is admitted, while in that case it was not an admitted fact, but only an argument. But respondents cannot indissolubly unite by allegation or proof things which in their nature and by legislative enactment have been made separate. The intention of the legislature with regard to the matter has been declared by the Court, and effect must be given that intention, until a different intention is expressed by the legislature itself.

As to the second ground, section 3091, Civil Code, 1912, is applicable to elections held·in the city of Columbia on municipal questions, and it provides that the polls shall be open from 8 a. m. until 8 p. m.

There is no merit in the third ground. The Constitution provides that bonds may be issued for "maintenance" of the plant. Repairing is maintaining.

As to the fourth ground: The sinking fund provided is sufficient.

Reversed.