BOARD OF EDUCATION OF THE PUBLIC SCHOOLS OF THE
CITY OF MUSKEGON v. SMITH.

1. SCHOOLS AND SCHOOL DISTRICTS.— MUNICIPAL ·CORPORATIONS —
   BONDS.
   The board of education of the city of Muskegon has, under
   Act No. 281, Local Acts 1899, almost plenary power in
   relation to building schoolhouses and borrowing money
   therefor: having been authorized, at a special election,
   duly held, to erect a schoolhouse · at a cost exceeding
   $15,000, no further authority was required from · the
   electors to enable the board to issue bonds for the con-
   struction of a schoolhouse costing, with its site, $90,000.
   In two particulars, only, the voters are required to de-
   termine the advisability of taking steps, i. e., the con-
   struction of a schoolhouse to cost over $15,000, and a

loan or tax greater than one-half one per cent. of the
assessed valuation of the city, if so much should be re-
quired in one year.

2. SAME—CONSTITUTIONAL LAW.

By the general statute as amended, the power is conferred
on the qualified voters to borrow money and issue bonds,
but no constitutional prohibition affects the power of the
legislature to vest in the board of education the powers
exercised by the electors under such statute. 2 Comp.
Laws, § 4717. (4 How. Stat. [2d Ed.] § 9932.)

Certiorari to Muskegon; Sullivan, J. Submitted
October 6, 1914. (Calendar No. 26,402.) Decided
December 19, 1914.

Mandamus by the Board of Education of the Public
Schools of the City of Muskegon against Frank Hub-
bard Smith to compel the respondent to sign and issue
certain school bonds. An order was entered granting
the writ. Respondent brings certiorari. Affirmed.

*William Carpenter,* for relator.

*Cross, Vanderwerp, Foote & Ross,* for respondent.

STONE, J. The relator presented its petition to the
circuit court for the county of Muskegon, represent-
ing:

(1) That the public schools of the city of Muskegon
is a school district organized under Act No. 281 of
the Local Acts of this State for the year 1899; that
all its business matters are managed and directed by
a board of six trustees, styled by the act of incorpora-
tion the "Board of Education;" that the said board
elects from its members a president, a secretary, and
treasurer; and that the secretary of the said board is ·
the respondent, Frank Hubbard Smith.

(2) That at a special meeting of said board, duly
called, and held October 28, 1913, at which all the
members were present, a resolution was unanimously
adopted designating and establishing block 197 of the
city of Muskegon, according to the revised plat, as a
site for a school, and that said block was duly pur-.

chased for a school site, and became the property of the district.

(3) That at a session of said board, called and held on the 20th day of February, 1914, the following resolution was adopted:

"Resolved, that it is necessary to hold a special election of the qualified electors of the public schools of the city of Muskegon for the purpose of passing on the following question: Shall the board of education be authorized to erect a school building on block 197 of the city of Muskegon, according to the revised plat approved April 9, 1903, at an expense of more than fifteen thousand dollars?

"It is further resolved, that the election shall be held on the 7th day of March, 1914, at the Hackley school building in the said district, from 3:00 o'clock to 8:00 o'clock in the afternoon, and that the secretary cause notice thereof to be given as prescribed by the school charter."

That thereafter due and legal notice of the holding of said election was given as required by the act of incorporation, and said election was duly held on the day appointed in said resolution, at which election there were cast in favor of the said proposition 143 votes, and against the same 38 votes.

(4) That the board of education caused plans of said proposed building to be made, and thereafter entered into contract for the erection of the same, and said building was then in process of construction. That on May 27, 1914, at a session of said board of education duly called, at which all members were present, the following resolution was adopted by a unanimous vote of said board, viz.:

"Whereas, on March 7, 1914, the electors of the district at a special election duly called and held, voted that this board be authorized to erect a school building on block 197 of the revised plat of the city of Muskegon, at an expense of more than fifteen thousand dollars; and

"Whereas, in pursuance of said authority, this board has entered into a contract for the construction of such school building; and

"Whereas, the construction of said building, including the plumbing, heating, and wiring therein, the purchase of the site, and the improvement of grounds,

will cost $90,000.00 as near as the same can be estimated; and

"Whereas, it is deemed advisable and necessary to borrow the sum of $90,000.00 and issue bonds therefor, to pay for said school building, the site on which it stands, and the equipment of said building:

"Now, therefore, be it, and it is hereby, resolved:

"Sec. 1.   That this school district, for the purpose hereinbefore stated, do borrow the sum of $90,000.00 and issue its bonds therefor.

"Sec. 2.   That such bonds be dated July 1, 1914, and bear interest at a rate of not exceeding five per cent. per annum; that said interest be payable on the 1st day of January and July of each year, and be evidenced by coupons maturing upon the several dates when the same accrues; that such bonds be of the denomination of not less than $500.00 as may be desired by the purchaser or purchasers, be numbered consecutively, and mature as follows:

| | | | | | |
|---|---|---|---|---|---|
| $5,000.00 | July 1, 1918, | | $5,000.00 | July 1, 1924, | |
| 5,000.00 | " 1, 1919, | | 5,000.00 | " 1, 1925, | |
| 5,000.00 | " 1, 1920, | | 5,000.00 | " 1, 1926, | |
| 5,000.00 | " 1, 1921, | | 5,000.00 | " 1, 1927, and | |
| 5,000.00 | " 1, 1922, | | 40,000.00 | " 1, 1929. | |
| 5,000.00 | " 1, 1923, | | | | |

"Sec. 3.   That the secretary of this board be and he is hereby instructed to advertise for sealed bids for said bonds to be filed in the office of this board on or before June 8, 1914, at 12:00 o'clock noon, such bids to be for the entire issue or for any part thereof, and to cover the issuing of such bonds at either four and one-half or five per cent. per annum, this board reserving the right to reject any or all bids."

That bids for said bonds were asked for in accordance with said resolution and duly received, and the bonds had been negotiated, but that the respondent, the secretary of said board, declines to sign said bonds, on the grounds that the said board of education has no authority to borrow money and issue bonds, unless permission so to do is first obtained from the qualified electors of the school district given at an annual meeting, or at a special meeting called for that purpose, and that as no such election was had, and no

such consent given, the bonds were never lawfully authorized, and that if issued would be void.

The relator prayed that the writ of mandamus be issued, commanding the respondent, as such secretary, forthwith to sign and issue said bonds. An order to show cause was granted; and respondent in. his answer denied that, under the act in question and under the general statute (section 4717, 2 Comp. Laws, as amended by Act No. 12, Pub. Acts 1911), the relator had the power to borrow money and to issue bonds for the purposes claimed, unless it first submitted said question of issuing bonds to the electors of said school district; and it was admitted by respondent in his answer that, with the exception of submitting said question of issuing bonds to the electors of said school district, all steps taken by relator in relation to the issuing of said bonds were regular and valid, and that the amount of the proposed issue was within the statutory limits controlling the same.

Upon the hearing the circuit court issued the mandamus as prayed for, and the respondent has brought the case here upon certiorari, to review the action below.

By the provisions of Act No. 281 of the Local Acts of 1899 almost plenary power is given to the board of education. Counsel agree that the important question in the case is the proper construction of the last sentence of section 16 of the act, which reads as follows:

"Said board shall also have all the powers and privileges conferred upon school boards and upon qualified voters of school districts at any annual or special district meeting by the general school laws of this State not inconsistent with this act."

This section was before this court in the case of *Public Schools of Muskegon* v. *Smith*, 173 Mich. 570 (139 N. W. 264). We there held that, under that

sentence and the general school laws of the State, the corporation has the power to borrow money for building schoolhouses and to issue its bonds therefor. This precise question was not raised, as in that case the board of education had submitted the question of bond issue to the qualified electors of the district, and they had authorized the action.

In this case the board of education has been authorized by the electors to build a schoolhouse exceeding in expense the sum of $15,000, and it has proceeded to raise the funds by a bond issue without submitting that question to the electors, assuming that under the act or charter referred to it is the proper body to decide that question. The language of the provision quoted is clear and unambiguous. It provides that the board of education shall have all the powers and privileges conferred upon qualified voters of school districts at any annual or special district meeting by the general school laws of this State, not inconsistent with the act. Section 4717, 2 Comp. Laws (4 How. Stat. [2d Ed.] § 9932), as amended, confers upon the qualified voters of school districts the power to borrow money and issue bonds therefor, to pay for school sites, and to erect and furnish school buildings. The language quoted should be given its common and ordinary meaning. We are not aware of any constitutional provision that prohibits the legislature from vesting in the board of education the power generally exercised by the electors.

The power to borrow money is really granted to the corporation, the school district; but it is here, by the act, exercised by the board of education. A careful examination of the act, or charter, shows that the entire control and management of the schools of the district, or city, both in the conduct of the educational work and of the finances, are vested in the board of education. Aside from the election of the board, there

are only two things mentioned in the act, where any power is to be exercised by the voters or electors of the district. By section 19 the board has no power to erect any school building, the expense of which shall exceed $15,000 unless authorized by the electors. By section 26 it is not authorized to raise by tax or loan an amount greater than the sum specified in section 24, unless authorized by the qualified electors of the district. In all other respects the powers of the district are to be exercised by the board of education. The provision in section 16, when literally construed, is therefore in exact accordance with the general scope and policy of the act, and gives the right to issue bonds to the board of education. It will be noted that the respondent admits in his answer that, with the exception of submitting said question of issuing bonds to the electors, all steps taken by the relator in relation to the issuing of said bonds are regular and valid, and that the amount of the proposed issue is within the statutory limits controlling the same.

We are of the opinion that the relator is right in its contention, and the order and judgment of the circuit court is affirmed, but without costs to either party.

McAlvay, C. J., and Brooke, Kuhn, Ostrander, Bird, Moore, and Steere, JJ., concurred.