PUBLIC SCHOOLS OF THE CITY OF MUSKEGON v.
VANDER LAAN.

SCHOOLS AND SCHOOL DISTRICTS—BONDS—VALIDITY OF PROPOSAL
INVOLVING THREE SCHOOLS SUBMITTED AS ENTIRETY.

A proposition for bonding the school district of the city of
Muskegon, organized. under Act No. 281, Local Acts 1899,
was not open to the objection that it was invalid because
it submitted to· the electors the question of authorizing
the erection of three school buildings as an entirety when
three separate independent propositions were involved,
since under the general school law (2 Comp. Laws 1915,
chap. 107) it was the duty of the board of education to
provide such sites and school houses as might be neces-
sary, and the proposal voted upon involved a compre-
hensive plan for the educational needs of the city which
the board had the right to have passed upon by the electors
in its entirety.

Certiorari to Muskegon; Vanderwerp (John), J.
Submitted June 29, 1920. (Calendar No. 29,301.) De-
cided July 15, 1920.

Mandamus by the public schools of the city of Mus-
kegon to compel John Vander Laan, president of the
board of education of Muskegon, to sign certain bonds.
From an order granting the writ, defendant brings
certiorari. Affirmed.

*Bunker, Rogoski & Dunn*, for appellant.

*Carpenter & Jackson*, for appellee.

CLARK, J. The board of education of the public
schools of the city of Muskegon, a school district or-
ganized under Act No. 281, Local Acts 1899, asked the
electors of the district to authorize the erection within
the district of three new school buildings.

Section 19 of the local act provides:

"That said board shall not have the authority to erect any school building, the expense of which shall exceed fifteen thousand dollars, until the question of the propriety of the erection of such building shall have first been submitted to the electors of said district and by them authorized at an annual or special district election." * * *

The question of erecting the buildings was submitted to the electors of the district who favored it decidedly. The question was submitted in this form:

"Shall the board of education be authorized to erect the following school buildings:

"1. A new high school on block 422 of the city of Muskegon, according to the revised plat approved April 9, 1903, commonly known as Deer Park, at an expense of more than fifteen thousand dollars.

"2. A new grade school building on lots 1 to 8, inclusive, and lots 23 to 30 inclusive of block No. 2 of Horace L. Delano, trustee's addition, according to the recorded plat thereof, and situate within the district commonly known as the Fairview district, at an expense of more than fifteen thousand dollars.

"3. A school building as an addition to Bunker school building on block 645 of the city of Muskegon, according to the revised plat, approved April 9, 1903, at an expense of more than fifteen thousand dollars.

"YES ( )
"NO   ( )"

The board of education for the district entered into a contract for the erection of one of the school buildings which is now partially constructed, and to provide funds, determined to borrow money and issue bonds of the district therefor. A contract for the sale of the bonds was made. The defendant, president of said board, refused to sign the bonds, giving as his reason that the bonds if issued would be void because the board of education submitted to the electors of the school district the question of authorizing the erection of three school buildings as an entirety, when

three separate independent propositions were involved. No other irregularity is claimed. See *Public Schools of Muskegon* v. *Smith,* 173 Mich. 570, and *Board of Education* v. *Smith,* 183 Mich. 428.

Application was then made by the board of education to the circuit court of Muskegon county for a writ of mandamus to compel the defendant, president of the board, to sign the bonds. After answer and hearing it was ordered that the writ issue as prayed. Defendant has removed the proceedings to this court for review on certiorari to mandamus. The only question here raised for consideration is: May the board submit to the electors of the district the question of authorizing the erection of the three school buildings as a single proposition?

The general school law (2 Comp. Laws 1915, chap. 107) made it the duty of the board to provide school sites and by building or otherwise, to provide such school houses as may be necessary when lawfully directed by the qualified voters, and, by said local act it was the duty of the board to provide sites and erect and maintain school houses and buildings for the use of the public schools subject to the limitation of section 19 of the local act above quoted.

Section 16 of the local act in part provides:

"Said board shall also have all the powers and privileges conferred upon school boards and upon qualified voters of school districts at any annual or special district meeting by the general school laws of this State not inconsistent with this act."

Our attention is called to no statute prescribing precisely the form and method of submitting these questions to the electors. Separate subjects, separate purposes, or independent propositions should not be combined so that one may gather votes for the other. It has been held that the questions of bonding for water works and for a sewerage system should be submitted

separately. *Johnson* v. *Roddey*, 83 S. C. 462 (65 S. E. 626). Likewise where eleven purposes were combined into one proposition. *City of Denver* v. *Hayes*, 28 Colo. 110 (63 Pac. 311). See *City of Joplin* v. *Wilder*, 217 Mo. 261 (116 S. W. 1087).

In the case at bar we think that the proposition submitted to the electors did not constitute three independent questions or embrace three separate purposes. It was characterized by one common purpose, to provide the district necessary school buildings. It was more than a mere proposal to construct three school houses. It involved a comprehensive plan on the part of the board for the educational needs, of the city and the board had the right to have the matter in the entirety passed upon by the electors.

A similar case cited by counsel is *Howard* v. *School District*, 17 Idaho, 537 (106 Pac. 692), where the purpose of the bonding was to purchase three tracts of land in different sections of the school district for school grounds and to erect and furnish three school buildings thereon. The question of bonding was submitted as one proposition and it was there contended that it should have been submitted as three separate and independent propositions, and the court held the submission and election valid and said:

"All of those things constitute one common purpose. * * * All of these objects, however, are but parts of a common purpose. Our view of this statute seems to be supported by the following authorities: *Hubbard* v. *Woodsum*, 87 Me. 88 (32 Atl. 802) ; *Hamilton* v. *Village of Detroit*, 83 Minn. 119 (85 N. W. 933) ; *Rock* v. *Rinehart*, 88 Iowa, 37 (55 N. W. 21) ; *Gifford* v. *Transportation Co.*, 10 N. J. Eq. 177."

Under a power to issue bonds for construction or purchase of needful buildings for the city, there was submitted to the electors this question:

"Shall the bonds of the city in the sum of $60,000 be issued for the purpose of paying the cost of con-

structing fire engine houses * * * such * * * to be in the locality and at the estimated and approximate cost as follows: North 50 feet of lot 13, Armstrong's First Addition, estimated cost $30,000. For the purchase of site and the erection of a fire engine house thereon in the district lying north of Willis avenue, * * * estimated cost of $30,000. *Held,* to contain but one proposition—to procure engine houses." *Linn* v. *City of Omaha,* 76 Neb. 552 (107 N. W. 983).

"St. 1901, p. 27, c 32, authorizing cities to acquire land for parks, and providing a proposition to incur debt therefor shall be submitted to the voters, does not contemplate that each piece of land desired for a park should be voted upon separately, where there is a single scheme of park improvement, including several parcels of land widely separated, to be converted into separate parks." *City of Oakland* v. *Thompson,* 151 Cal. 572 (91 Pac. 387).

There was a like holding where the scheme to construct several wharves was submitted as an entirety at a municipal election. *Clark* v. *City of Manhattan Beach,* 175 Cal. 637 (166 Pac. 806). See, also, *Chandler* v. *City of Seattle,* 80 Wash. 154 (141 Pac. 331); *Board of Education* v. *Straub,* 182 Mich. 665.

The trial court reached the right conclusion. The judgment is affirmed without costs to either party.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.