## 10522

### COMMISSIONERS v. BANK OF DORCHESTER.

#### (105 S. E. 32.)

1. Municipal Corporations—Purchase, Repair, and Extension of Electric Light Plant Held Properly Submitted to Voters as One Question.—In an election in a town, it was proper to submit to the voters as one question whether a certain electric lighting plant should be purchased, repaired, and extended, because they all were involved in the main purpose of supplying the people with light.

2. Municipal Corporations—Submission of Question of Issue of Bonds Need Not Specify Rate of Interest.—It was not ncessary that a submission to voters of a town of the question whether town should issue bonds for the purchase, repair, and extension of an electric lighting plant specify the rate of interest to be paid on the bonds.

3. Municipal Corporations—Fact That Ice Plant Was Connected With Electric Lighting Plant Purchased Did Not Affect Validity of Bonds Issued.—Where the question of purchase, repair, and extension of an electric light plant, and the issuance of bonds therefor, was submitted to the voters of a town, it is no objection to the validity of the bonds that there is an ice manufacturing plant in connection with the electric lighting plant, since the purchaser of the bonds is not bound to see that the commissioners apply the proceeds to the purposes intended, and no other, as he may presume that the commissioners will proceed in accordance with the law in performance of their duties.

Before Bowman, J., Dorchester, July term, 1920. Affirmed.

Action by the Commissioners of Public Works of the town of Summerville against Bank of Dorchester, for specific performance of a contract to purchase municipal bonds. From judgment for plaintiff, the defendant appeals.

*Mr. Walker'S. Utsey,* for appellant, submits: *Municipal corporation can only incur bonded indebtedness after strict compliance with constitutional and statutory authority; and the people must first be consulted and have a fair opportunity to register an intelligent expression of their will:* 83 S. C. 464; 30 Stat. 801; 26 L. R. A. (N. S.) 665; 80 S. C. 547; 54 S. C. 183; 73 S. C. 150. *Amount for "purchase" and for "extension and repair" should have been stated separately:* 83 S. C. 136; 107 S. C. 492; 99 S. C. 1; *and voters allowed to vote on each:* 107 S. C. 492. *Petition by freeholders should state rate of interest bonds will bear:* Const. 1895, art. II, sec. 13; art. VIII, sec. 7; 28 Cyc. 1548-90; Code 1912, vol. I, sec. 3015. *Every person affected by the indebtedness should have full knowledge:* 73 S. C. 150. *To guard against abuse of corporate credit:* Dillon Mun. Corp. 191. *Council may fix a less rate of interest than that permitted by legislation on the subject; but can fix no rate unless authorized by freeholders and voters:* 44 S. C. 83; 80 S. C. 547. *Purchaser of bonds must at its peril ascertain that municipality had power to issue bonds and that officers did not exceed authority:* 197 Fed. 455. *If purchaser wilfully closes his eyes to information giving rise to suspicion he is not entitled to protection of an innocent purchaser:* 28 Cyc. 1616. *Purchaser not bound to see to application of proceeds:* 44 S. C. 319. *But if purchaser has knowledge or information before complying that a portion of proceeds of bonds is to be applied to unauthorized use, it cannot claim the protection of an innocent purchaser:* 49 L. R. A. 534. *And use of a portion for unlawful purposes voids the issue:* 1 Fed. 353. *Silence of council as to facts peculiarly within its knowledge renders election void:* 20 Cyc. 63.

*Mr. Legare Walker,* for respondent. Oral argument.

November 26, 1920.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

On October 2, 1919, an election was duly held in the town of Summerville at which the following questions were submitted to the voters:

"(1) Shall the town of Summerville purchase, repair, and extend the electric lighting plant now existing in said town? (2) Shall the town of Summerville issue its coupon bonds, according to law, not exceeding in the aggregate the sum of forty thousand dollars ($40,000) for the purchase, repair and extension of the electric lighting plant now existing in said town?"

Both questions were answered, "Yes." Thereafter, on December 15, appellant entered into a written contract with the commissioners to buy the entire issue of bonds at an agreed price, but subsequently refused to comply with the contract on the ground that the bonds cannot be lawfully issued for the following reasons: 1. Because the voters should have been allowed to express their will separately on the several issues involved in the first question, to wit, the issue of "purchase" and that of "repair and extension." We have held that, where the purposes are entirely separate and distinct, as, for instance, the issuance of bonds for waterworks and sewerage, the questions must be separately submitted. *Herbert v. Griffith*, 99 S. C. 1, 82 S. E. 986. The reason is obvious. But in the same case we said that separate questions, germane to or involved in one main purpose, need not be separately submitted, for instance, whether bonds shall be issued to purchase, repair, and extend an existing system of waterworks, because they are so closely related to and involved in the main purpose as to amount to but one question—that of supplying the people with water. So, here, purchase, repair,

and extension were properly submitted as one question, because they are all involved in the main purpose of supplying the people with light.

2. The submission did not specify the rate of interest to be paid on the bonds. That was not necessary. The voters knew that the bonds must bear interest at some rate to be specified thereon, and they knew that the commissioners could agree to pay the highest rate allowed by statute, but no more, and also that they could, and presumably would, fix the lowest rate at which they could sell the bonds. It is impossible to submit every detail of such a transaction to popular vote. Some things must necessarily be left to the judgment and discretion of those whom the people have chosen to represent them.

3. That there is an ice manufacturing plant in connection with the electric lighting plant, which is to be included in the purchase as a part of the latter. That is no objection to the validity of the bonds. The purchaser of the bonds is not bound to see that the commissioners apply the proceeds to the purposes intended. and no other. He may presume that the commissioners will proceed according to law in the performance of their duties. *Jones v. Camden,* 44 S. C. 319, 23 S. E. 141, 51 Am. St. Rep. 819.

Judgment affirmed.