9756

### ENTERPRISE REAL ESTATE CO. *v.* CITY COUNCIL OF CHARLESTON *ET AL.*

(93 S. E. 184.)

1. WATERS AND WATERCOURSES — WATERWORKS — POWER OF CITY TO ACQUIRE.—Const., art. VIII, sec. 5, expressly empowers city to buy waterworks plant, and Civ. Code 1912, sec. 3015, enacted to carry out such provision, is sufficient when considered with the Constitution, though it does not use the word "purchase."

2. WATERS AND WATERCOURSES — ACQUIRING WATERWORKS — CONSTITUTIONAL AND STATUTORY PROVISIONS.—Const., art. VIII, sec. 5, empowering city to purchase waterworks plant if purchase is authorized by majority of voters who are qualified to vote on bonded indebtedness of city, section 7, providing that bonded indebtedness shall not be created unless a majority of qualified electors voting on question shall be in favor of creating bonded indebtedness, article II, sec. 13, enjoining on General Assembly duty to lay down procedure in special elections for issuance of municipal bonds, and Civ. Code 1912, secs. 2985-3071, enacted pursuant to that injunction, indicate procedure for an election on question of purchase of waterworks as well as payment of price.

3. MUNICIPAL CORPORATIONS—BONDS—ELECTION.—Questions of purchase of waterworks and of bond issue to pay purchase price may be submitted to the electors contemporaneously.

4. MUNICIPAL CORPORATIONS — BONDS — SINKING FUND — VALIDITY OF ORDINANCE.—Under Const., art. VIII, sec. 7, providing that cities in issuing bonds shall create sinking fund for their redemption at maturity, and statute providing that the city council may collect sufficient annual tax to raise one-fortieth of entire bonded debt as sinking fund, an ordinance providing that, "if necessary," there shall be collected annually a sufficient tax to raise such sum, is not invalid, because of use of words "if necessary," as city should not collect by taxation more than will be necessary to pay the bonds when they fall due; that is what ordinance directs, and challenged words are at most surplusage.

Before MEMMINGER, J., Charleston, ———, 1916. Affirmed.

Action by the Enterprise Real Estate Company against the City Council of Charleston and others. From judgment for defendants, plaintiff appeals on the following exceptions:

1. His Honor, the Circuit Judge, erred in not holding that the proceedings in the city council and the elections held thereunder, set forth in the complaint were illegal, void and of none effect, because they were held and done under acts of the legislature of South Carolina that were unconstitutional and void.

2. His Honor erred in not holding that section 3015 of the Code of Laws of 1912, and all acts amendatory thereof, were unconstitutional, illegal and void, in that they failed to provide and require, as a condition precedent to the purchase and ownership of a waterworks by any city or town in South Carolina, a majority vote of the electors in said city or town qualified to vote on the bonded indebtedness of said city or town, at an election called and held for that purpose as required by section 5, article VIII, of the Constitution of 1895.

3. His Honor, the Circuit Judge, erred in not holding that the election held on the 22d of March, 1917, upon the question of municipal ownership by the city council of Charleston was illegal and void and of none effect for the reason that the said election was not only called and held without any legislative warrant or authority therefor, but because, even if otherwise legal, the said election was illegal and void because it had not been previously held, but was an election at which was also submitted cotemporaneously the question as to the issue of bonds.

4. His Honor, the Circuit Judge, erred in not holding that the city council of Charleston and the commissioners of public works are without power and authority whatsoever to purchase the waterworks of the Charleston Light and Water Company, for the reason that section 3015 of the Code of Laws of 1912 conveys no power to purchase, but only a power to construct and operate waterworks within the corporate limits, and that while the power to purchase within or without the corporate limits is conferred by the act of February 4, 1915, amending said section 3015,

this power is again taken away by the act of March 6, 1916, amending said section 3015.

5. His Honor, the Circuit Judge, erred in not holding that the sinking fund proposed in section 7 of the ordinance about to be adopted by the city council of Charleston is illegal and that the bonds of the city of Charleston proposed to be issued pursuant to said provisions are likewise illegal and void, for the reason that the Constitution, article VIII, section 7, provides that cities and town in issuing bonds, shall create a sinking fund for the redemption thereof at maturity, and section 3018 of the Code of 1912 provides that cities issuing bonds of this character "are hereby authorized to assess, levy and collect in addition to the annual tax levied for other purposes, a sufficient annual tax on the taxable property of said cities or towns to meet the interest to become due upon the said bond; and also to raise the sum of at least one-fortieth (1-40) part of the entire bonded debt as a sinking fund in aid of the retirement and payment of said bonds;" whereas, the ordinance introduced in the city council of Charleston in violation of the constitutional mandate as interpreted and reaffirmed by the legislature provides that in addition to the interest accruing upon the bonds, there shall be annually raised by taxation the sum of at least one-fortieth (1-40) part of the entire bonded debt, only if that sum be necessary.

*Messrs. Huger, Wilbur & Guerard,* for appellant, submit: I. *The election here involved is void because held without legislative authority:* (a) *An act of the legislature is necessary, in addition to the provisions of the Constitution, as contained in section 5 of article VIII, to empower a municipality to purchase and operate a waterworks system:* 62 S. C. 57; Dillon Munc. Corp. (5th ed.), sec. 191. (b) *Section 3015 of the Civil Code of 1912, and acts amendatory thereof, which constitute the only legislative provision with reference to the matter, are unconstitutional and void because this section as originally framed and enacted is*

*inconsistent with and repugnant to the provisions of the Constitution; and the acts amendatory thereof, being acts amendatory of an unconstitutional act, and repeating the constitutional defects of the original statute, are themselves unconstitutional:* 29 Stats. 53, 939.    (c) *Even if constitutional, section 3015, as amended by the act of 1916, fails to provide for the purchase of a waterworks system apart from condemnation proceedings, and the provisions of the act of 1915, purporting to confer the power of purchase, have been superseded by the later amendment omitting such power:* 56 N. Y. S. 157; 57 Mics. Rep. 592; 35 Pa. Super. Ct. 256; 68 Atl. 909; 151 Pac. 675.    II.    *There has been no such vote of the electors authorizing the purchase of these waterworks as is contemplated and required by section 5 of article VIII of the Constitution of 1895 as a condition precedent to the construction or purchase of a waterworks system by a municipality.*    III.    *The election authorizing the purchase of the waterworks is further invalidated by the fact that the elections upon the questions of the issue of bonds and of the purchase of the waterworks were held contemporaneously:* 105 S. C. 180, 186, 187.    IV. *The provisions of the ordinance declaring the result of the election and authorizing the bond issue upon the terms set forth in the ordinance violate the terms of section 7 of article VIII of the Constitution of 1895, and section 3018 of the Civil Code of 1912.*

*Mr. W. Turner Logan,* for the City Council of Charleston, respondent, cites : *As to severable provisions in act:* 14 Rich. 129; 34 S. C. 468; 47 S. C. 418.    *Construction of statute:* 73 S. C. 150.    *Amendment cured any lack of authority in original act:* 104 Fed. 172; 108 Fed. 743; 58 S. E. 846; 47 S. C. 418.    *Election:* 105 S. C. 180.    *Sinking fund:* 99 S. C. 1.    *Curing defects:* 84 S. C. 451; 54 S. C. 83.

*Mr. Geo. H. Moffett,* for Commissioners of Public Works, respondents, cites : *As to constitutional provisions*

*being complete in themselves:* 179 U. S. 403; Cooley's Const. Lim. 99; 73 S. C. 153. *Severable statute:* 34 S. C. 492; 47 S. C. 426. *Effect of amendments:* 9 Ohio St. 627; 27 L. R. A. 747; 8 Cyc. 805. *Submission of questions to voters:* 105 S. C. 186, 198. *Construction of act:* 73 S. C. 153. *Sinking fund:* 99 S. C. 1.

July 13, 1917.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

This cause has been just submitted, and the public exigencies demand a prompt decision of it. It arises out of the alleged purchase by the city of Charleston for $1,360,000 of the waterworks of the Charleston Light & Water Company; and the pending issuance of bonds to pay that price, and an additional issuance of $140,000 of bonds to repair and extend the works. The plaintiff sued to enjoin the issuance of the bonds. The city demurred to the complaint. The Circuit Court sustained the demurrer, and dismissed the complaint.

There is no suggestion, and there is no room for any such, that the procedure of the city government prevising the bond issue was in any essential part irregular. The only suggestion of any infirmity therein is in section 7 of the ordinance, which makes provision for a sinking fund. That issue will be last considered, for it rests in the last exception.

In one other respect, too, the action of the city government is challenged, and that is because the city submitted to the electors at the same instant the question of purchase and the question of a bond issue to pay the purchase price. That issue is raised by the third exception, and it, too, will be considered in due course. The real attack, if indeed there be such, is directed against the infirmity of the statute law relevant to the case.

There are, in fact, but four exceptions, for the first exception does not at all intimate what act of the legislature is

void, or wherein it is void.    Let the exceptions be reported.
They make these four issues, to wit:

(1) Do the Constitution and statutes empower a city to
purchase waterworks?

(2) Do the Constitution and statutes require and suffi-
ciently indicate the procedure for an election upon the ques-
tion of a purchase?

(3) Do the Constitution and statutes prohibit a cotem-
poraneous election on the question of a purchase and the
question of a bond issue?

(4) Does the section of the ordinance of the city which
provides for a sinking fund meet the requirements of the
Constitution and the statutes?

The decision of these questions depends largely upon the
right adjustment of the several parts of the Constitution,
the one to the other.

There is hardly even room for construction, and there is
little need for the citation of authority; it is chiefly a task in
mosaic.

The three parts of the Constitution to be thus joined are
section 13 of the article on the "Right of Suffrage," and sec-
tions 7 and 5 of the article on "Municipal Corporations and
Police Regulations."    For simplicity of statement we shall
refer to these as sections 13, 7 and 5 of the Constitution,
without any mention of the article.    The statute involved is
largely section 3015 of the Code of Laws and the amend-
ments thereof at 29 Stats. 53 and 939.

There is no room to question a city's power to purchase
a waterworks plant; section 5 of the Constitution in
express words creates the power.    The language is:
"Cities may acquire by * * * purchase * * * water-
works systems. * * *"

Section 3015 of the Code of Laws was enacted to carry
out that provision of the Constitution.    The Constitution
and the statute together, even though the statute does not
use the word "purchase," warrant a city to purchase water-

works; and that without the amendment at 29 Stats. 53. *Dick* v. *Scarborough,* 73 S. C. 150, 53 S. E. 86.

The appellant suggests in the next place that, while the statute is full as to the procedure to issue bonds, it does not prescribe how the city must proceed to hold an election on the question of a purchase; and that is the burden of appellant's argument.

Sections 5, 7 and 13 of the Constitution, when read together, leave no reasonable doubt about that matter. Abbreviated so as to contain only the relevant matter, they read thus:

Article 8, section 5, of the Constitution:

"Cities * * * may acquire by * * * *purchase* * * * waterworks systems. * * *

"No such * * * purchase shall be made *except* upon a majority vote of the electors in said city. * * *

"Who are *qualified to vote* on the *bonded indebtedness* of said city. * * *"

Article 8, section 7:

"No such (bonded) debt shall be created without submitting the question as to the creation thereof, to the qualified electors of such city * * * as provided in this Constitution. (Article II, sec. 13); * * * a majority of such electors voting on the question shall be in favor of creating such * * * bonded debt. * * * Such cities * * * shall *on the issuing* of such bond create a sinking fund, for the redemption thereof at maturity. * * *"

Article II, sec. 13:

"In authorizing a special election in any · * * * city, * * * for the purpose of *bonding the same,* the *General Assembly* shall prescribe * * * a petition from a majority of the freeholders of said city * * * and at such elections all electors of such city * * * shall * * * vote, and * * * a majority of those voting * * * shall be necessary to authorize the *issue of said bonds.*"

The first of said sections expresses three subjects, to wit: It confers the right to purchase; it limits the right to a majority vote of the electors of the city; it by necessary implication prescribes the way in which that majority shall be ascertained, that is to say, as electors vote on a bonded indebtedness.

The next of said sections deals only generally with bonded indebtedness, and that because a city can generally only pay for waterworks with its bonds. It provides that a bonded debt shall not be created before submission to the qualified electors, "as provided in this Constitution." The last of said three sections is that part just above referred to "as provided in this Constitution." It enjoins upon the General Assembly the duty to lay down a procedure in special elections for the issuance of municipal bonds.

The General Assembly enacted, pursuant to that injunction, section 3015 of the Code of Laws and the other cognate provisions to be found in article VII of the chapter 48 of the Code. So that these enactments spring directly out of sec. 13, and remotely, but just as really, out of sections 7 and 5 of the Constitution; and they constitute the procedure to be had by a city on the question of a purchase, as well as on a question of payment of the purchase price.

But the appellants say, even though there was legal warrant to submit to the electors the question of purchase, yet that question ought to have been submitted in time before the election on a question of payment. A sufficient answer to that is that the Constitution does not make any such requirement. All it does say is that no purchase shall be made except upon a majority vote of the electors. We venture to think the "common sense" of the subject is the contrary of that suggested by the appellant. The subjects of purchase and of purchase price are woven together; no sensible man buys before he knows the price, and whether the price shall be paid in cash or credit.

The city government fully and plainly submitted to the electors at the same instant three questions: (1) Will you buy the works for the price of $1,360,000, payable in 4½ per cent. bonds? (2) Will you issue and pay the price in particularly described bonds? (3) Will you issue other named bonds for extension and repair? The issues were so plain "that he may run that readeth it."

On the third issue, closely akin to that just considered we have already intimated an opinion which we reaffirm, that an election on the question of a purchase and an election on the question of a bond issue to pay the purchase price may be held cotemporaneously; indeed, the two ought in the nature of the case to be held at the same time. *Paris* v. *Greenville,* 105 S. C. 180, 89 S. E. 669.

Last of all is the validity of the ordinance which provides for a sinking fund. All the Constitution provides is this: "Such cities * * * shall *on the issuing* of such bonds create a sinking fund for the redemption thereof at maturity." Section 7.

All the statute provides is this:

"The city council is authorized to assess, levy and collect * * * a sufficient annual tax * * * to raise the sum of at least one-fortieth part of the entire bonded debt as a sinking fund," etc. Section 3018.

The ordinance provides:

"If necessary there shall be assessed, levied and collected annually a sufficient annual tax upon the taxable property of the city of Charleston to raise the sum of one-fortieth part of the principal amount of said bonds as a sinking fund (which is hereby created), in aid of the retirement and payment of said bonds."

Any italics in these quotations have been supplied.

The alleged infirmity in the ordinance lies only in the use of the two words "if necessary." We think the exception is hypercritical. The city ought not to collect by taxation

more than will be necessary to pay the bonds when they fall due. The ordinance by implication directs the collection of as much as shall be necessary for that purpose. The challenged words, at most, are but surplusage. The ordinance is a sufficient compliance with the law. *Cleveland* v. *Spartanburg,* 54 S. C. 83, 31 S. E. 871; *Hebert* v. *Griffith,* 99 S. C. 1, 82 S. E. 986.

Our judgment is the decree of the Circuit Court is right, and it is affirmed.