13836

ROACH v. CITY OF COLUMBIA ET AL.

(174 S. E., 461)

In the original jurisdiction, March, 1934.

*Mr. C. T. Graydon,* for petitioner,

*Mr. Paul A. Cooper,* for respondent.

April 30, 1934.

The opinion of the Court was delivered by Mr. Justice Stabler.

The City of Columbia, relying upon an Act of the General Assembly of May 8, 1933, referred to as the Revenue Bond Act (38 St. at Large, p. 411), proposes to issue and sell $812,000.00 of waterworks and sewer system revenue bonds, Series B, of the City of Columbia, for the purpose,

as stated in ordinances adopted by the city authorizing the issuance of the bonds, of "improving, enlarging and extending the existing waterworks system and the existing sewer system of the City of Columbia by the construction of additional water supply mains to be connected with the existing waterworks system and by the construction of sanitary sewers, in accordance with plans to be prepared and approved by the City Council." The plaintiff, a resident and taxpayer of Columbia, seeks in this proceeding to enjoin the defendants from taking such action for the reasons, as alleged in his petition, that the bonds, when issued, will constitute a "bonded debt" of the city within the meaning of Section 7 of Article 8 of the Constitution; and that the city, in any event, is without authority to pledge the revenues of the waterworks system to pay a bonded debt incurred for the purpose of improving and enlarging the sewer system.

The defendants concede that the plans prepared by the city engineer disclose that about 10 per cent. of the money to be raised by the issuance of the bonds is to be spent in constructing water supply mains and equipment and the balance in constructing sanitary sewers. The ordinance provides that the bonds shall not constitute an indebtedness of the city, but shall be payable solely from the revenues derived from the operation of its waterworks system, there being no revenues from the operation of the sanitary sewerage system.

The question for our consideration is whether the bonds proposed to be issued and sold will constitute a "bonded debt" of the city within the meaning of Section 7 of Article 8 and Section 5 of Article 10 of the Constitution. It is conceded, if we answer in the affirmative, that the city is without power to issue and sell them, as their issuance would increase its bonded debt beyond the constitutional limitation.

In *Cathcart v. City of Columbia*, 170 S. C., 362, 170 S. E., 435, 438, the Revenue Bond Act of 1933 was declared constitutional. In that case the Court held

that existing revenues of the waterworks system could, without violating the debt provisions of Section 7 of Article 8 and of Section 5 of Article 10 of the Constitution, be pledged as security for a loan evidenced by revenue bonds for the purpose of enlarging and extending such system. The following language was used in the opinion:

"The question presented, succinctly stated, is whether the pledging of existing revenues for the repayment of obligations created for the purpose of enlarging or extending the waterworks system makes the loan a debt within the constitutional sense. * * *

"We have given to the question here raised and stated our very careful consideration, and are of opinion, and so hold, that it should be answered in the negative."

The conclusion reached in the *Cathcart case,* although there are decisions to the contrary, is supported we think by the weight of authority. *See Maffit v. City of Decatur,* 322 Ill., 82, 152 N. E., 602; *Ward v. City of Chicago,* 342 Ill., 167, 173 N. E., 810; *Underwood v. Fairbanks, Morse & Co.* (Ind. Sup.), 185 N. E., 118; *Searle v. Haxtun,* 84 Colo., 494, 271 P., 629; and *Reimer v. Town of Holyoke,* 93 Colo., 571, 27 P. (2d), 1032.

See, also, the following decisions of this Court: *Sullivan v. City Council of Charleston,* 133 S. C., 189, 133 S. E., 340, *Id.,* 133 S. C., 156, 130 S. E., 872, 876; *Briggs v. Greenville County,* 137 S. C., 288, 135 S. E., 153; *Evans v. Beattie,* 137 S. C., 496, 135 S. E., 538; *State v. Moore,* 152 S. C., 455, 150 S. E., 269; *Barnwell v. Matthews,* 132 S. C., 314, 128 S. E., 712.

The plaintiff makes the point, however, that even conceding the soundness of the decision in the *Cathcart case,* existing revenues of the waterworks' system may not be pledged to secure funds to enlarge the sewerage system, which is an independent unit.

At the 1934 session of the Legislature, an amendment to the Revenue Bond Act was passed providing that the water-

works and sewerage systems of any municipality should constitute one system, and authorizing the municipality to unite the two systems and to pledge the revenues of its waterworks system for the construction or enlargement of its sewerage system (Act approved March 26, 1934.) Pursuant to this amendment and the terms of the original Act, the City of Columbia now proposes to do this, and has adopted the proper ordinances and resolutions to carry the plan into effect; and these proceedings have been declared valid by a special Act of the Legislature, approved March 31, 1934.

The plaintiff, while objecting, has advanced no good reason why these two systems, for the purposes named, may not properly be united. It does not appear that they are so unlike as to make their unification for such purposes repugnant. On the other hand, it is a matter of common knowledge that a waterworks system is essential to the operation of a sewerage system, and that the two systems, in some ways, bear a real relationship to each other.

Applying to the question before us the applicable principles laid down in former decisions of this Court, we conclude and hold that the pledging of the revenues of the city's waterworks system for the payment of bonds to be issued by it for the purpose of enlarging its sewerage system does not violate Section 7 of Article 8 and Section 5 of Article 10 of the Constitution, and that such bonds, which do not carry the general credit of the borrower, will not constitute a "bonded debt" of the city within the meaning of these constitutional provisions.

The judgment of the Court is that the injunction prayed for be refused and the petition dismissed.

Mr. Chief Justice Blease, Messrs. Justices Carter and Bonham, and Mr. Acting Associate Jutice W. C. Cothran concur.