13952

ACKER v. COOLEY, MAYOR, *ET AL.*

(181 S. E., 10) .

*Mr. J. N. Nathans,* for petitioner,

*Mr. A. H. Dagnall,* for respondents,

November 27, 1934.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The petitioner, a resident freeholder and taxpayer of the Town of Williamston, seeks in this controversy, submitted without action under Section 668 of the Code, to have the respondents enjoined from constructing a waterworks system, on the ground that such construction, as no petition of .the freeholders asking for an election was filed, would. be illegal and unconstitutional.

It appears from the agreed statement of facts that, pursuant to an ordinance adopted by the town council, a special election was held on May 1, 1934, at which the following question was submitted to the qualified electors, resulting in a vote of 100 to 2 in favor of the project: "Shall the Town of Williamston borrow of the United States Government the money to install a waterworks and sewerage system in the Town of Williamston, which said project is a self-liquidating one?"

It is also agreed that the bonds, amounting to $103,000.00, to be sold to the Federal government for the purpose of borrowing the necessary money for the construction of the system, are to be issued under the provisions .and authority of the Act of May 8, 1933 (38 St. at Large, 411), as amended; that the payment of such bonds, as provided by that Act, is to be solely from the revenues derived from the waterworks system; and that, as held in *Cathcart v. City of Columbia,* 170 S. C., 362, 170 S. E., 435, and *Roach v. City of Columbia,* 172 S. C., 478, 174 S. E., 461, no indebtedness of the borrower, the Town of Williamston in this case, within the meaning of any constitutional provision or statutory limitation, will be incurred.

The only question involved in this proceeding is whether it was necessary, before an election was called and held, for a petition of a majority of the freeholders of the town to be filed with the council asking for such election.

In support of his contention that the election had was null and void, the petitioner relies solely on the decision in *Enterprise Real Estate Company v. City Council et al.*, 107 S. C., 492, 93 S. E., 184. He argues that the holding of the Court in that case was to the effect that, under Section 13 of Article 2 of the Constitution, no valid election on the construction of a waterworks system by a municipality could be held until a majority of the freeholders of such municipality petitioned therefor; and that this is true although no bonded debt in a constitutional sense is involved.

We do not agree with this view. The main issue in that case, decided in 1917, was as to the validity of Section 3015 of the Civil Code of 1912. That section provided for an election on the issuance of bonds for the purposes therein named, but did not, in express terms, require an election in the matter of the "purchase" of waterworks, etc. A reading of the opinion discloses that a bonded indebtedness, along with the purchase contemplated, was being incurred at the time by the City of Charleston, and it was in connection with its consideration of the constitutional provisions relating to purchase and to such indebtedness and of the statutory requirements on the issuance of bonds, that the statement of the Court was made.

In the present controversy, it is clear that statutory provisions are not involved, as the Act of 1933 (38 St. at Large, 411) authorizes the construction of waterworks, etc., without prerequisites, and is declared to be, by its express terms (Section 2), an alternative procedure to that required by other statutes. Therefore, in the matter before us only constitutional requirements are to be met in the holding of such an election. These we will now consider.

Section 5 of Article 8 authorizes cities and towns to construct and operate waterworks systems, provided that "no such construction * * * shall be made except upon a majority vote of the electors in said cities or towns who are

qualified to vote on the bonded indebtedness of said cities or towns." Section 13 of Article 2 provides that at all elections held for the purpose of bonding any municipality, "all electors of such city or town who are duly qualified for voting under Section 12 of this article, and who have paid all taxes, State, county and municipal, for the previous year, shall be allowed to vote." Section 12 of Article 2 provides for the qualifications of electors voting in municipal elections; and any elector who posseses such qualifications and has paid the taxes referred to in Section 13 is entitled to vote at an election on bonded indebtedness whenever such an election may be called. The fact, however, that no such election has been or can be called, does not affect his qualifications, but merely his opportunity to vote. As the Act of 1933 (38 St. at Large, 411), as we have already indicated, contains no requirement for a petition, a compliance with the proviso of Section 5 of Article 8 of the Constitution, namely, the holding of an election at which voters qualified to vote under Section 12 of Article 2 are entitled to vote, is the only condition for the exercise of that right; and as it is conceded that this condition was complied with by the election held by the Town of Williamston on May 1, 1934, it is clear that the respondents have the right to and may legally proceed with the construction of the waterworks and sewerage system which they seek to install.

Counsel for the petitioner refers to an Act of the Legislature, approved May 18, 1934 (not published in the bound volume of the 1934 Statutes [39 St. at Large, 2]), which makes the ordering by a municipality of an election on the construction, etc., of a waterworks system dependent upon the filing of a petition by a majority of the freeholders asking therefor; and urges that the General Assembly has by this Act construed the proviso of Section 5 of Article 8 of the Constitution as requiring that such a petition be filed before an election can be held. We are not in accord with this contention. While legislative

interpretation of a constitutional provision should be given much weight (*Scroggie v. Scarborough*, 162 S. C., 218, 160 S. E., 596), it is clear that the proviso of Section 5 of Article 8 is not ambiguous and needs no construction. The Court, therefore, regards the enactment referred to—which, it will be noted, was not of force at the time of the election —as a condition which the lawmaking body has seen fit to add to the proviso of Section 5, and not as a construction of that section. The General Assembly, of course, has the right to make such enactments provided they are not in violation of the Constitution. See *Waits v. Town of Ninety Six*, 154 S. C., 350, 151 S. E., 576.

Upon careful consideration of the question raised, the Court is of opinion, and so holds, that the ordering of the election held in the Town of Williamston, May 1, 1934, on the construction of a waterworks and sewerage system, without the filing of a petition by a majority of the freeholders asking therefor, was the legal exercise of the powers of the town council, conferred upon it by the Constitution and the Act of 1933, above referred to; and that the election as held was valid.

It is the judgment of the Court that the injunction prayed for be refused and the petition dismissed. And it is so ordered.

MESSRS. JUSTICES CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE G. DEWEY OXNER concur.