17126

JOSEPH A. DOYLE, Appellant, v. SYLVAN ROSEN *ET AL.,* Respondents

(91 S. E. (2d) 887)

*James B. Morrison, Esq.,* of Georgetown, *for Appellant,*

*Messrs. C. C. Grimes, Jr.,* of Georgetown, and *Sinkler, Gibbs & Simons,* of Charleston, *for Respondents,*

March 5, 1956.

OXNER, Justice.

The appeal here involves the correctness of a declaratory judgment rendered in favor of respondents which permits the City of Georgetown to issue one million fifty thousand dollars of revenue bonds payable solely from the net revenues derived from the operations of its Combined Public Utility System.

Acting in pursuance of Section 59-364 of the 1952 Code, Georgetown combined into one system its three municipally owned and operated utility systems, *viz.,* its Waterworks System, its Electric Light System and its Sewer System. The Code Section above referred to is included in the statute

which is known as the Revenue Bond Act for Utilities. Section 59-364 empowers the governing body of any municipality to combine into one system "any two or more projects or undertakings described in § 59-365 which are in any way related, as in the case of a water works system and a sewer system * * *."

Following the consolidation of the three existing municipally owned and operated utility systems, the City Council is undertaking the improvement of the consolidated system with the proceeds of the bond issue above referred to. It appears from the record the improvements are necessary by reason of recent annexations to Georgetown.

The facts before us show that the waterworks department produces considerable revenue, as does the electric light department. On the contrary, no specific charge is made for the services rendered by the sewer system. The effect is that earnings from the waterworks department and from the electric department will be utilized to retire costs incurred in the improvement of sewers.

The ordinance which provides for the issuance of the bonds utilizes the Revenue Bond Act for Utilities as the necessary statutory authorization. The provisions of this statute normally require that the payment of principal and interest be made from the first revenues derived from the operation of the project whose revenues are pledged to the payment of the bonds, and before the cost of operation and maintenance is met from those revenues. The ordinance here recites that two small outstanding noncallable bond issues are additionally secured by a prior pledge of the net revenues from the electric light unit and that the net revenues from both the electric light unit and waterworks unit are pledged as additional security for a larger issue of noncallable bonds. The ordinance recognizes the prior claim of these bonds to the revenues of the electric light unit and the waterworks unit. The ordinance provides that all revenues from the consolidated system shall be placed in a fund entitled the Gross Revenue Fund and used first to pay the costs

and expenses of operating the consolidated system. It is then that revenues from the consolidated system become available to pay the principal and interest of the proposed bonds (after first taking into account the obligations of Georgetown as to its bonds additionally secured as aforesaid).

Two questions are involved in this appeal.

First, it is contended that the special amendment to Section 7, of Article VIII of the Constitution which relates solely to Georgetown prevents the consolidation of the three utilities into a single system for the reason that revenues from one unit may not be used for either of the other units. Second, it is contended that the provisions of the Revenue Bond Act contemplating the use of the first revenues of the system for debt service are mandatory and that these bonds, payable from revenues remaining after the cost of operation and maintenance have been met, may not lawfully be issued pursuant to this statute. We shall proceed to dispose of these questions in the order indicated.

Code Section 59-364 is ample statutory authority for the City to combine into one system its three utility systems.

Furthermore, we held that such action was not prevented by any constitutional restriction in the case of *Roach v. City of Columbia,* 172 S. C. 478, 174 S. E. 461. It remains only to be seen if the special constitutional amendment relating only to Georgetown forbids this step.

The amendment involved is to Section 7, of Article VIII of the Constitution and provides that the debt limitations imposed by this section shall not apply to Georgetown, "* * * when the proceeds of said bonds are applied solely for the purchase, establishment, maintenance or increase of water works plant, or sewerage system, gas and electric light plants where the entire revenue arising from the operation of such plants or systems shall be devoted solely and exclusively to the maintenance and operation of the same, and where the question of incurring such indebtedness is submitted to the

freeholders and qualified voters of such municipality, as provided in the Constitution, upon the question of other bonded indebtedness".

Appellant argues that this provision means that the revenues from the waterworks system must be devoted to that system, that the revenues from the electric light system must be devoted to that system and that the revenues from neither may be used directly or indirectly for the benefit of the sewer system. To reach this conclusion it is necessary to interpolate before the words "maintenance and operation" the word "respective," so that the amendment would read:

"* * * and where the entire revenue arising from the operation of such plants or systems shall be devoted solely and exclusively to the respective maintenance and operation of the plant or system from which the revenues are derived."

■ We do not agree with this construction and do not believe that the effect of the amendment is to prevent the consolidation of the three systems as has been done here.

Furthermore, we are inclined to the view that the provisions of this amendment need not be taken into consideration in the issuance of revenue bonds, but it is not necessary that we decide this point. This disposes of the first question.

By reason of the existing pledge of revenues, it is necessary that the pledge here be subordinate to those now outstanding. Consequently, if for no other reason, the bonds here must be payable from the revenues of the system remaining after the payment of the costs of operation and maintenance and after discharging the City's obligations with respect to the outstanding bonds. We have given careful consideration to the contention that the Revenue Bond Act for Utilities makes it mandatory that revenues from a project financed or improved with revenue bonds must be first used for debt service requirements before the costs of operation and maintenance have been met. It is our opinion that such is not the case and that it was the intention of Section 59-413 to make

the statute available to all municipalities. Only recently, in the case of *City of Spartanburg v. Blalock,* 223 S. C. 252, 75 S. E. (2d) 361, did we review the history of this act and the economic conditions prevailing when it was enacted. We concluded that it was an omnibus measure and designed to permit all governmental agencies of the State to undertake construction or improvement of public works and finance same through the issuance of bonds payable from the revenues of the project so undertaken.

We are, therefore, satisfied that the Circuit Judge was correct in holding that the true intent of Section 59-413 was to enable all municipalities to utilize the provisions of this statute to the extent that conditions and their outstanding obligations permitted.

For the foregoing reasons, the judgment below is affirmed.

STUKES, C. J., TAYLOR and LEGGE, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.